OPINION OF THE COURT
Burton S. Sherman, J.
By order to show cause the petitioner tenant seeks to enjoin the respondent from attempting to evict him from an apartment and further seeks an order directing the respondent to renew tenant’s lease pursuant to the Rent Stabilization Law of the City of New York (Administrative Code of City of New York, tit YY). A stay was granted pending the outcome of this motion.
The tenant is the sublessee of an apartment in a co-operative building pursuant to a three-year lease which expired in September, 1977. Prior to the expiration, the respondent prime tenant notified the petitioner that he would not renew. This led to the instant motion. The substantive issue is whether the petitioner is subject to the Rent Stabilization Law. Initially, however, there is a question of subject matter jurisdiction.
The Civil Court has been granted concurrent jurisdiction with the Supreme Court over summary proceedings to recover possession of real property (Real Property Actions and Proceedings Law, § 701; CCA, § 203). However, the Real Property Actions and Proceedings Law does not enhance the Civil Court *185 with general equity jurisdiction although it may entertain equitable defenses. (Real Property Actions and Proceedings Law, § 743; De Vita v Pianisani, 127 Misc 611.) There is one exception. Subdivision (o) of section 203 of the New York City Civil Court Act as amended does now permit this court to entertain actions for equitable relief for the enforcement of housing standard. Housing standards refer to the "health, safety, welfare and reasonable comfort of the citizens of the state.” (Legislative findings, L 1972, ch 982, § 1.) It is concerned with habitability. This is not the case here. The court therefore has no jurisdiction to entertain this motion.
The New York State Constitution (art VI, § 19, subd f) mandates that the Civil Court transfer to the Supreme Court "any action or proceeding” where it lacks subject matter jurisdiction. The court concludes that the instant motion, having been properly served, is in fact an action or proceeding (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 103, C 103:1, pp 14-15) and must be transferred to the Supreme Court.
This case again illustrates the need for court consolidation. For if the respondent had instituted a summary holdover proceeding the very relief sought by the tenant could have been raised as an equitable defense. (CCA, § 905.) However the converse is not true. To add to the confusion, it appears that the petitioner has applied to the Conciliation and Appeals Board for the very same relief. Accordingly, the Supreme Court which probably has concurrent jurisdiction with the board to determine the issues raised may dismiss the proceeding as premature, for the petitioner has chosen his forum and must exhaust his administrative remedies before returning to court.
As to this motion, there is no showing for the need of a stay as no summary proceeding has been instituted and petitioner will be fully protected if such proceeding is started. Indeed in view of this procedural disposition it may be the only way to cut the Gordian Knot, and obtain a full determination of the issues raised. Accordingly, in the exercise of discretion the stay is vacated (CCA, § 212) and the motion is denied and the proceeding dismissed unless the petitioner transfers this proceeding to the Supreme Court by presentation of a copy of this order to the Clerk of the Supreme Court within 14 days of this date.